IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONET, LLC, <br>     Plaintiff, <br><br> v. <br><br> ERNST & YOUNG, LLP, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     CIVIL ACTION NO. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, EnviroNet, LLC is a Massachusetts limited liability company, with a principal place of business in Sutton, Worcester County, Commonwealth of Massachusetts.

2. Defendant, Ernst & Young, LLP ("EY") is a Delaware limited liability partnership, with a principal place of business at 5 Times Square, New York, New York.

### JURISDICTION AND VENUE

3. Jurisdiction is proper because under 28 U.S.C. § 1332 the amount in controversy exceeds $75,000.00 and the matter in controversy is between citizens of different states.

4. Venue is proper because under 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to the claim occurred in the District of Massachusetts

### FACTS

5. The plaintiff, EnviroNet, LLC, provides global consulting services in the area of chemical product regulatory compliance. For many years prior to 2017, it had a business relationship with Dow Chemical Company ("Dow Chemical") by association with acquired businesses or directly with Dow Chemical, pursuant to which it provided product labeling solutions to Dow Chemical. EnviroNet, LLC had extensive knowledge and experience with the Dow Chemical labeling

1

process.

6. In 2017, Dow merged with E.I. du Pont de Nemours and Company and created a combined company known as DowDupont.

7. Following the merger, DowDupont's Board of Directors decided to split it into three separate publicly traded companies: an agriculture business called Cortiva Agriscience; a materials science business called Dow; and a specialty products business called DuPont.

8. As part of the separation, DuPont was to acquire four businesses which were formerly part of Dow Chemical. One of these was Dow Chemical's Electronics and Imaging business unit ("E&I"). All four businesses utilized an integrated product labeling system created by Dow Chemical, which would no longer be supported once their separation from Dow Chemical was completed.

9. In November 2018, EnviroNet, LLC, was retained by E&I to identify anticipated problems, referred to as "gaps" in its labeling operations and support, due to E&I's loss of the support organization for the Dow Chemical integrated labeling system, and to consult on product labeling issues. EnviroNet, LLC was retained by E&I based on its thirty-year relationship with the company and its extensive knowledge and experience with the Dow Chemical labeling process.

10. The defendant, EY, was hired by Dupont to provide consulting services with respect to Dupont's separation from the DowDupont entity.

11. Between February 2019 and April 2019, the defendant EY requested information and analysis from EnviroNet, LLC concerning anticipated gaps in labeling operations and necessary support for the four Dupont businesses as a result of their loss of the Dow Chemical support organization for the integrated product labeling system. EnviroNet, LLC provided the requested

information and analysis to EY, which EY falsely represented as its own work product in subsequent presentations to Dupont.

12. In June and July 2019, EY requested information and analysis from EnviroNet, LLC regarding proposed centralized outsourced solutions for anticipated gaps in labeling operations and support occurring when Dupont's separation from DowDupont was completed and detailed information and analysis from EnviroNet, LLC. to be used by Dupont to issue a Request for Proposals (RFP) for an outside vendor to provide labeling operations and support to address these gaps.

13. EnviroNet, LLC provided EY with the requested information and analysis as set forth in paragraph 12 in reliance on EY's representations that: it was acting solely as Dupont's agent in requesting such information; that EnviroNet, LLC would have a fair opportunity to bid on the RFP for labeling operations and support to be issued by Dupont; and that EY was not a competitor and would not be bidding on the RFP for labeling operations and support or attempting to obtain that contract for itself.

14. The representations made by EY as set forth in paragraph 13 were false and made by EY with knowledge of their falsity.

15. EY used the information and analysis provided by EnviroNet, LLC to prepare the RFP issued by DuPont. Despite its false representations to the contrary, the defendant, EY, submitted its own bid on the RFP to Dupont for providing labeling operations and support.

16. The defendant, EY, used the information and analysis which it improperly obtained from EnviroNet, LLC in preparing its own bid on the Dupont RFP for providing labeling operations and support.

17. Due to its use of the information and analysis improperly and fraudulently obtained from

EnviroNet, LLC and/or by mis-representing EnviroNet, LLC's analysis as its own, EY obtained the contract for labeling operations and support which would otherwise have been awarded to EnviroNet, LLC.

18. As a result of losing the contract to EY, the plaintiff, EnviroNet, LLC lost reasonably anticipated profits of $2,090,400 as well as the opportunity of obtaining additional contracts for Dupont's E&I business unit.

## COUNT I
## FRAUD

19. The plaintiff restates and re-alleges paragraphs 1-18 above as if set forth herein.

20. The defendant made the false representations to the plaintiff, set forth above, with knowledge of their falsity and with the intention of inducing the plaintiff to act in reliance upon them.

21. The plaintiff acted in reliance upon the defendant's false representations by providing information and analysis to the defendant, EY, which the defendant, EY otherwise would not have obtained. The defendant used the information which it fraudulently acquired to obtain a contract from Dupont which would otherwise have been awarded to the plaintiff, EnviroNet, LLC.

Wherefore, the plaintiff demands judgment against the defendant for the above described damages, plus interest and costs as to Count I of Plaintiff's Complaint.

## COUNT II
## INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS

22. The plaintiff restates and re-alleges paragraphs 1-21 as if set forth herein.

23. The plaintiff had an on-going business relationship with E&I and reasonably anticipated

entering into a further profitable business relationship (specifically a contract for labeling operations support) with Dupont. The defendant EY knew both of plaintiff's on-going business relationship with E&I and its reasonably anticipated further profitable business relationship with Dupont.

24. As a result of the improper methods used by the defendant, EY, the plaintiff was not awarded Dupont's labeling operations support contract and lost the opportunity of a future business relationship with E&I.

Wherefore, the plaintiff demands judgment against the defendant for the above described damages, plus interest and costs as to Count II of Plaintiff's Complaint.

## COUNT III
## VIOLATION OF MASS. GEN. LAWS 93A § 11

25. The plaintiff re-states and re-alleges paragraphs 1-24 as if set forth herein.

26. At all material times, the plaintiff, EnviroNet, LLC and the defendant, EY were engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws Ch. 93A §2 and §11.

27. The actions of the defendant, EY, as set forth above were unfair and deceptive within the meaning of Mass. Gen. Laws Ch. 93A.

28. The actions of the defendant, EY, were a willful and knowing violation of Mass. Gen. Laws Ch. 93A § 2. The defendant, EY knew or had reason to know that its actions violated Mass. Gen. Laws Ch. 93A § 2.

29. The unfair and deceptive acts of the defendant, EY, took place primarily within the Commonwealth of Massachusetts as they consisted of false communications directed to a Massachusetts Company for the purpose of soliciting information from the Massachusetts Company under false pretenses, which were subsequently used for the purpose of improper

competition.

30. As a result of the defendant, EY's willful and knowing unfair and deceptive acts as aforesaid, the plaintiff was not awarded Dupont's labeling operations support contract and lost the opportunity of a future business relationship with E&I.

Wherefore, the plaintiff demands judgment against the defendant for the above described single, double or treble damages, plus attorney's fees, interest and costs as to Count III of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury on all counts so triable.

Plaintiff,
EnviroNet, LLC,
by its attorneys,

/s/ Jonathan A. Karon

---
Jonathan A. Karon
BBO # 549450
jkaron@kjclawfirm.com
KJC Law Firm, LLC
10 Tremont Street, 6th Floor
Boston, MA 02108
617-720-8447

/s/ Kathy Jo Cook

---
Kathy Jo Cook
BBO # 631389
kjcook@kjclawfirm.com
KJC Law Firm, LLC
10 Tremont Street, 6th Floor
Boston, MA 02108
617-720-8447

/s/ Timothy Wilton
_____
Timothy Wilton
BBO # 530120
twilton@kjclawfirm.com
KJC Law Firm, LLC
10 Tremont Street, 6th Floor
Boston, MA 02108
617-720-8447